Middleton v. Taylor.

# BURLINGTON NISI PRIUS.

## AUGUST TERM, 1794.

[445]          MIDDLETON v. TAYLOR.

1. Notice of taking evidence, for the purpose of perpetuating it, must be served upon the party, and service on the attorney is bad.

2. After one has agreed to pay another for the services of his apprentice, and these services have been performed, he cannot object that the assignment was by parol, or question the title of the other party.

This was an action of debt, which came on for trial before KINSEY, C. J., and SMITH, J., when the following questions arose before the court, and were resolved—

1st. Notice of taking depositions before a judge, for the purpose of perpetuating testimony under the act of August 30th, 1784, had been served upon Mr. Woodruff, attorney for the defendant. When the deposition was offered in evidence it was objected that under the act of assembly the notice must be given to the party, and as no notice had been given to him in this case, the evidence was not legally taken.

KINSEY, C. J., said he should be glad to be able to overrule objections of this kind, but the words of the law were authoritative, and compelled him to reject the deposition.

The action was brought to recover £25, being the amount which defendant had agreed to pay the plaintiff for the services of his apprentice; the apprentice had been delivered, and served the defendant agreeably to the contract. The defendant objected that the contract was void, having been made by parol, and that plaintiff had acquired his title by parol, and moved for a non-suit on these grounds.

PER CUR. This motion for a non-suit must be overruled.

We are unable to see the propriety of the objection that has been urged. This is not a question between the master and the apprentice, but between the plaintiff, who had an apprentice boy, and the defendant, who agreed to pay a certain sum of money for his services, for a stipulated time. The boy was delivered to defendant, and has performed the services, and it is unjust to refuse payment upon such a pretence; neither will the law uphold it. I have seen a case, though I cannot at present recollect where, in which a parol [446] assignment of an apprentice was held valid. The defence, however, is so void of common honesty that, as at present advised, I cannot give my assent to it.

*Read* and *Griffith*, for plaintiff.

*Leake* and *Woodruff*, for defendant.

CITED *in Arnold* v. *Renshaw*, 6 *Hal.* 317; *Sayre* v. *Sayre*, 2 *Gr.* 492 *Ludlam* v. *Broderick*, 3 *Gr.* 271; *Graham* v. *Whitley*, 2 *Dutch.* 257.